# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0224** (McDowell County 13-AP-153-S/14-AP-1-S)

**Bobby Bolen, Sr.,**
**Defendant Below, Petitioner**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Bobby Bolen, Sr., by counsel Lacy W. Wright, Jr., appeals his conviction for criminal harassment following a bench trial in the Circuit Court of McDowell County. Respondent State of West Virginia, by counsel Laura Young, filed a response. According to the parties' briefs, petitioner was alleged to have used the social media website Facebook to criminally harass a woman, Sharon Browning.

Petitioner was initially convicted following a proceeding in the Magistrate Court of McDowell County and, thereafter, appealed his conviction to circuit court. According to the circuit court's January 31, 2014, "Bench Trial Order," which was included in petitioner's Notice of Appeal filed with this Court, the following occurred: the matter was heard by the circuit court on January 27, 2014; the alleged victim testified and was cross-examined; the State moved six exhibits into evidence;[1] petitioner moved for a judgment of acquittal both at the close of the State's case and at the conclusion of the evidence; the circuit court denied both of these motions; and the circuit court found petitioner guilty and sentenced him to six months in jail, all of which was suspended in lieu of six months of unsupervised probation.

However, through no fault of petitioner, there are no transcripts available from any of the proceedings below.[2] Due to the lack of a transcript, on July 1, 2014, petitioner filed a motion

---

[1] We acknowledge the efforts of the State in obtaining what are purported to be the six State's exhibits that were introduced at petitioner's trial, which were filed with this Court as a supplemental appendix. However, without the accompanying trial testimony, these exhibits -- standing alone -- are not sufficient to permit appellate review of this matter.

[2] The State concedes in its brief that petitioner is not responsible for the limited record submitted on appeal. According to a March 18, 2014, letter sent to petitioner's counsel, Carolyn DiLorenzo, CCR, Official Court Reporter for the Honorable Booker T. Stephens, confirmed that neither the October 2, 2013, magistrate court proceeding, nor the January 27, 2014, circuit court bench trial, were recorded. A copy of this letter is included in the appendix record submitted to this Court by petitioner.

with this Court to remand the matter to the circuit court for the limited purpose of conducting a new bench trial. By order dated that same day, this Court granted petitioner's motion, and further held that petitioner's appeal to this Court be held in abeyance pending resolution of the circuit court proceedings. However, it appears that the circuit court dismissed petitioner's appeal of his conviction by order entered on March 23, 2015, without having conducted a new bench trial.

As a result of the lack of a transcript from the proceedings below, our review of this matter is rendered impossible. Under the very unique and specific circumstances presented by this case, we find it necessary to reverse petitioner's conviction and remand this matter back to the Circuit Court of McDowell County for a new trial. This memorandum decision should not be construed as a ruling by this Court on the merits of either party's substantive arguments presented in their respective briefs.

For the foregoing reasons, we reverse the circuit court's January 31, 2014, "Bench Trial Order" and its March 23, 2015, "Amended Order Dismissing Appeal," and remand this matter to the Circuit Court of McDowell County for a new bench trial.

Reversed and Remanded.

**ISSUED:** November 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II